IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**COURTNEY RICARDO ROBINSON,**

      **Plaintiff,**

v.    Case No. 3:17-cv-04126

**CINDY NULL;**
**LAHOMA WENTZ; and**
**CABELL COUNTY MAGISTRATE COURT,**

      **Defendants.**

### PROPOSED FINDS OF FACT AND RECOMMENDATIONS

On October 5, 2017, Plaintiff Courtney Ricardo Robinson ("Robinson"), proceeding *pro se*, and then incarcerated at the Western Regional Jail in Barboursville, West Virginia, filed a complaint against the defendants under 42 U.S.C. § 1983. (ECF No. 2.). Currently pending are Robinson's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and an initial screening of the complaint under 28 U.S.C. § 1915. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly reviewed Robinson's allegations, the undersigned **FINDS** that the complaint fails to state a claim upon which relief may be granted. Therefore, the undersigned **GRANTS** Robinson's Application to Proceed *in forma pauperis*, but **RECOMMENDS** that the presiding District Judge **DISMISS** the complaint, **with prejudice,** and **REMOVE** this matter

1

from the docket of the Court.

## I. Relevant Facts

Robinson alleges that in 2016, he was living with Defendant Lahoma Wentz in an apartment owned by Defendant Cindy Null. (ECF No. 2 at 4). On December 22, 2016, Robinson left the apartment. When he returned the following day to collect his belongings, the lock on the door had been changed, denying him access to the apartment. Robinson tried to call both Wentz and Null and finally reached Null on January 4, 2017. (*Id.*). Null agreed to meet Robinson later in the day and give him his belongings. Robinson went to the designated meeting location at the agreed upon time, but Null did not show. (*Id.* at 5). Robinson spoke with Null later. She claimed that she had dropped off Robinson's belongings, advising him that her explanation was the "end of the story." (*Id.*). Robinson filed a lawsuit in the Magistrate Court of Cabell County, West Virginia against Defendants Wentz and Null for the loss of his property. A hearing was scheduled in the case on August 21, 2017, but Robinson "was taken to the wrong court room." (*Id.*). For relief, Robinson asks this Court to facilitate his "day in court;" ensure that "the judge make[s] whoever that is responsible pay for [his] belongings;" require "the state court [to] pay [him] for denying [him] ... due process;" and provide him with a lawyer since he is "locked up in jail." (*Id.*).

## II. Screening Standard

Pursuant to the provisions of 28 U.S.C. § 1915, a court must screen each case in which a prisoner seeks to proceed *in forma pauperis*. The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant "who is immune from such relief." 28 U.S.C. § 1915. A "frivolous" case has been defined as one which is based

upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Denton v. Hernandez,* 504 U.S. 25 (1992). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the Court is required to accept as true the factual allegations asserted in the complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as . . . factual allegation[s]." *Id.* at 678 (quoting *Bell Atlantic* Corp, 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679.

Robinson has filed his complaint *pro se*, and courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for her, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court.

3

*Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.   Discussion

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) the official did so under color of State law. 42 U.S.C. § 1983; *see also Gomez v. Toledo,* 446 U.S. 635, 640 (1980). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

Robinson names Lahoma Wentz and Cindy Null as defendants in this case, but includes no factual allegations demonstrating that either of these defendants acted under color of state law. To the contrary, Robinson describes Wentz as a former roommate and Null as his former landlord. Robinson does not claim that Wentz or Null acted on behalf of the State of West Virginia when they prevented him from obtaining his belongings, or that the State of West Virginia regulated the defendants' actions, or that they exercised powers that were "traditionally the exclusive prerogative of the state." *See Conner v. Donnelly,* 42 F.3d. 220, 224 (4th Cir. 1994). In the absence of facts establishing the existence of one of these situations, a § 1983 complaint against a private party—such as Wentz and Null—must be dismissed as "[p]urely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983." *Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792, at *2 (D.S.C. Sept. 8, 2010); *see also Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961). Robinson includes no factual allegations in the complaint to support a finding that Wentz and/or Null acted under color of state law. Therefore, the undersigned respectfully

4

**PROPOSES** that the presiding District Judge **FIND** that Robinson fails to state a claim against Defendants Wentz and Null under 42 U.S.C. § 1983.

Similarly, Robinson fails to include any factual allegations implicating the Cabell Cabell Magistrate Court in any wrongdoing. From the information contained in the complaint, Robinson apparently missed a court appearance and is unsure as to the disposition of his magistrate court action. The liberal construction afforded to *pro se* complaints requires the Court to accept a pleading that, although inartful, can reasonably be read to state a valid cause of action against the named defendant. Nonetheless, this requirement does not eliminate the duty of a *pro se* plaintiff to include sufficient factual allegations to support a cognizable claim. As previously stated, the Court need not develop, nor tolerate, a complaint that fails to "allege anything that even remotely suggests a factual basis for the claim." *See Weller v. Dep't of Social Services,* 901 F.2d 387, 391 (4th Cir. 1990). Here, factual contentions setting forth the alleged wrongful actions of the Magistrate Court are nonexistent, leaving this Court to construct Robinson's theory based purely upon speculation; this is something the Court simply cannot do. Accordingly, the undersigned respectfully **PROPOSES** that the presiding District Judge **FIND** that Robinson has failed to allege sufficient facts to establish a plausible claim against the Cabell County Magistrate Court.

### IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the proposed findings and **RECOMMENDS** that Plaintiff's Complaint, (ECF No. 2) be **DISMISSED, with prejudice,** and this civil action be **REMOVED** from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby

**FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three additional days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding district judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff.

**FILED:** February 14, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge